[Civ. No. 10957. Second Appellate District, Division Two.—June 22, 1936.]

F. E. STANTON, Respondent, v. GUARANTY LIQUIDATING CORPORATION, Appellant.

George W. Fenimore for Appellant.

John Oliver for Respondent.

WOOD, J.—Defendant appeals from a judgment in plaintiff's favor in the sum of $286.70, which was found by the court to be the fair value of work and labor performed on premises leased by plaintiff from defendant.

Certain ranch property was leased by plaintiff for the term of thirteen months commencing December 1, 1934. The lease contained the following provisions: "In the event the property should be sold by lessor during the term of this lease, this lease will be terminated upon the expiration of thirty days from the date of service of a written notice to quit upon said lessee. In the event of foreclosure of the above described property, or in the event lessor fails to protect his interest in the equity in said property, lessee agrees to quit

the premises upon demand in writing by lessor, or of the legal holder of said property, and further agrees that there shall be no liability to lessor for damages as the result of the termination of this lease by the occurrence of one or more of the above contingencies. In the event of sale, foreclosure or loss of property by lessor during the term of this lease the lessor has the option of either permitting the lessee to harvest the crops planted at time written notice has been served OR the lessor agrees to reimburse lessee for a fair value of the work and labor performed on said premises, said fair value to be agreed upon by lessor and lessee or to be determined by three (3) arbiters, one to be appointed by each of said parties and the third to be appointed jointly by said parties.''

The defendant lost the property through foreclosure proceedings and the plaintiff surrendered possession of the property on written demand of the holder of the legal title.

 Appellant's statement of the question involved is as follows: ''Where the parties execute a lease on agricultural property, and provide that in the event of loss of the property through foreclosure, that there shall be no liability for damages to the lessor, does a later provision in the same lease, providing that lessor, in the event of sale or foreclosure, has the option of either permitting the lessee to harvest the crops or of agreeing to reimburse lessee for the fair value of the work and labor performed, impose an obligation on the lessor, when foreclosure occurs, to reimburse the lessee for the value of his work and labor?'' Appellant points out that the provisions of the lease above quoted are inconsistent and argues that the language used in the first part of the lease, ''and further agrees that there shall be no liability to lessor for damages as the result of the termination of this lease by the occurrence of one or more of the above contingencies'', relieves it from making payment to plaintiff. We cannot agree with this contention. A contract must be construed in its entirety and the intention of the parties must be gathered from the whole instrument taking it by its four corners. (Civ. Code, sec. 1641.) The general provision above quoted is followed by a special provision whereby defendant agreed that in certain circumstances following the foreclosure he would pay to plaintiff the fair value of the work and labor performed on the premises. When general and particular

provisions of a contract are inconsistent the particular provisions are controlling. (Code Civ. Proc., sec. 1959.) In holding that the parties intended that defendant should be bound by the special provision the trial court correctly interpreted the contract of the parties. The judgment of the trial court is in conformity with ''the general intent and purposes of the whole contract''. (Civ. Code, sec. 1652.)

The judgment is affirmed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.